**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIDIER BUENO CAPOTE (A No. 232-481-919),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03168-JLT-EPG<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Didier Bueno Capote is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Cuba. He entered the United States on or about May 21, 2023, pursuant to a grant of humanitarian parole under the Cuban, Haitian, Nicaraguan, and Venezuelan parole program. (Doc. 1 at 3; Doc. 6-1 at 2.) Petitioner remained in the U.S. beyond May 19, 2025, without authorization from the Department of Homeland Security. (Doc. 6-1 at 2.) On January 25, 2026, Petitioner was detained by ICE following an arrest for a DUI and three counts of resisting

an officer.[1] (Doc. 6-2 at 6.) Petitioner is detained at California City Detention Facility in California City, California.

On April 27, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On April 8, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally*, Doc. 6.)

## II.       LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.       DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally,* Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (*See generally,* Doc. 6.)

Courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025

---

[1] His FBI print-out indicates that in addition to these charges, he was also arrested for misdemeanor trespass and driving on a suspended license (Doc. 6-2).

WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2.   **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

3.   At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

///

///

3

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: **May 20, 2026**

UNITED STATES DISTRICT JUDGE